**TURNER & BOISSEAU,
CHARTERED,
Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE
COMPANY, Defendant.**

**No. 95–1258–DES.**

United States District Court,
D. Kansas.

June 25, 1999.

Daniel G. Menzie, Turner & Boisseau, Chartered, Wichita, KS, Peter G. Collins, Woodard, Hernandez, Roth & Day, Wichita, KS, Hal D. Meltzer, Turner & Boisseau, Chartered, Overland Park, KS, William A. Hensley, III, Turner & Boisseau, Wichita, KS, for Turner and Boisseau, Chartered, plaintiff.

Lee M. Smithyman, David J. Roberts, Smithyman & Zakoura, Chtd., Overland Park, KS, for Nationwide Mutual Insurance Company, defendant.

### *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on the defendant's Motion to Alter or Amend Judgment or for a New Trial (Doc. 205).

Both parties have submitted briefs on this matter and the court is ready to rule.

## I. INTRODUCTION

Turner & Boisseau, Chartered ("Turner & Boisseau") initiated this action claiming that Nationwide Mutual Insurance Company ("Nationwide") had breached a contract in which Turner & Boisseau agreed to represent an insured of Nationwide, Corky Smock, in a personal injury suit arising out of an automobile accident. According to Turner & Boisseau, it provided adequate and competent representation to Mr. Smock and Nationwide refused to pay a portion of the legal fees and expenses incurred in that representation. Nationwide filed a counterclaim alleging that Turner & Boisseau breached the contract by providing inappropriate representation and committed fraud by, *inter alia*, submitting incorrect billing statements. Following a three week jury trial, the jury found that both parties had breached the contract and awarded Nationwide $14,260.19. The jury also found that Turner & Boisseau had not committed fraud. It is the jury's verdict on the fraud issue that is before the court in this motion.

Nationwide bases its motion on the claim that the evidence presented at trial does not support the jury verdict and that plaintiff's counsel acted improperly. Nationwide claims that there was an overwhelming amount of evidence, much of which was uncontroverted, that established the claim that Turner & Boisseau had submitted fraudulent billing statements to Nationwide. Nationwide also claims that Turner & Boisseau's lead trial counsel, William Hensley, intentionally displayed an exhibit to the jury which the court had earlier excluded from the trial. Turner & Boisseau claims that there was ample evidence to support the jury's findings. Turner & Boisseau also claims that the exhibit was inadvertently displayed to the jury and that such an innocent mistake is no grounds to overturn the verdict.

Facts relevant to each of these issues will be discussed below.

## II. STANDARD FOR A MOTION TO ALTER OR AMEND JUDGMENT OR FOR A NEW TRIAL

Rule 59 gives courts the discretion to alter or amend a judgment or grant a new trial if the court finds that the verdict was against the weight of the evidence or when improper conduct by the attorneys involved in the case unfairly influenced the verdict. *See Roebuck v. Drexel Univ.*, 852 F.2d 715, 733 (3d Cir.1988) (granting a new trial where, in the judges opinion, the verdict was contrary to the great weight of the evidence and a new trial was necessary to avoid a miscarriage of justice) and *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir.1980) (party moved for new trial where counsel injected into trial notion that insurance company would pay any award). Whether to grant a new trial is a decision committed to the informed discretion of the court. *Ryder v. City of Topeka*, 814 F.2d 1412, 1424 (10th Cir. 1987). "[T]he party seeking to set aside a jury verdict must demonstrate that trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.* 710 F.2d 1442, 1443 (10th Cir.1983). The trial court must focus on whether the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence. *Black v. Hieb's Enter., Inc.*, 805 F.2d 360, 363 (10th Cir.1986).

## III. ANALYSIS

### A. Weight of the evidence

█ The defendant's first claim is that the verdict returned by the jury is contrary to the evidence presented at trial. According to the defendant, there was a considerable amount of uncontroverted evidence presented at trial which clearly showed that Turner & Boisseau had committed fraud against Nationwide. In order to succeed on its counterclaim, Nation-

wide was required to show the following elements of a fraud claim:

1. That false representations were made as a statement of existing and material fact;

2. That the representations were known to be false by the party making them, or were recklessly made without knowledge concerning them;

3. That the representations were intentionally made for the purpose of inducing another party to act upon them;

4. That the other party reasonably relied and acted upon the representations made; and

5. That the other party sustained damage by relying upon them.

Pattern Instructions for Kansas (PIK) 3d 127.40. Pursuant to Kansas law, Nationwide was required to show each of these elements by clear and convincing evidence. *See Subway Restaurants, Inc. v. Kessler,* 266 Kan. 433, 970 P.2d 526, 534 (1998).

Overturning a jury verdict and granting a motion for new trial is a judicial remedy that the court approaches with a great deal of caution. In order to overturn the jury verdict in this case, the court must find that the verdict is clearly, overwhelmingly or decidedly against the weight of the evidence. *Black,* 805 F.2d at 363. This high standard is raised even higher in this case, given the heightened standard of proof on the fraud claim—clear and convincing evidence.

The jury could have found that no fraud was present in this case by finding that any one of the five elements outlined above was not proven by clear and convincing evidence. Therefore, the court must analyze each of the elements to determine if evidence presented at trial "clearly, overwhelmingly or decidedly" shows that each of the elements were proven.

The first element that must be shown is that false representations were made as to statements of existing and material fact. Nationwide claims that the following misrepresentations were made by Turner & Boisseau in connection with this case:

1. Time expended by paralegals was attributed to attorneys and billed at the higher attorney hourly rate;

2. Time was attributed to a "monitoring attorney" for other attorneys and paralegals providing services, to minimize client knowledge of the variety and number of attorneys and paralegals working on the file; and

3. Time was exaggerated and inflated over what actually was required to accomplish the listed tasks.

The court finds that Nationwide clearly established this element of its fraud claim. It was undisputed at trial that Turner & Boisseau submitted bills to Nationwide which showed an hourly billing rate, when Turner & Boisseau actually utilized a per-page billing system to determine the amount to be billed its clients. This resulted in false representations being made to Nationwide that certain attorneys had spent specified amounts of time on a task when in fact the bill was based upon a predetermined per-page rate. The evidence also clearly showed that these bills included time charges which were greatly inflated from the time that employees at Turner & Boisseau actually spent on the tasks.

Although the billing rates by Turner & Boisseau were clearly the focus of the trial, Nationwide did establish other instances of false representations made by Turner & Boisseau. On many of the bills which were sent to Nationwide, Turner & Boisseau indicated that work, such as taking depositions, had been completed by the monitoring attorney on the case. It was very clear at trial that much of this work was completed by other attorneys in the firm, with the work being credited to the monitoring attorney on the bill. The bills also showed time for work that was attributed to the monitoring attorney that was actually performed by the paralegal working on the case. The evidence at trial

clearly and overwhelmingly established these misrepresentations were made by Turner & Boisseau on the bills sent to Nationwide.

The next element of a fraud claim that Nationwide was required to prove at trial was that the representations were known to be false by Turner & Boisseau, or were recklessly made without knowledge concerning them. Again, the court finds that Nationwide clearly proved this element by clear and convincing evidence at trial. The undisputed testimony at trial was that Turner & Boisseau knew it was determining bills based on a per page system and that it was submitting bills to Nationwide which showed a per hour system of billing. The undisputed evidence also showed that Turner & Boisseau knowingly represented to Nationwide that the monitoring attorney had undertaken certain tasks that were in fact performed by other attorneys in the firm. Finally, the evidence presented at trial clearly and overwhelmingly showed that Turner & Boisseau had established a system whereby they knowingly billed time to Nationwide under an attorney's name and at an attorney's rate for tasks completed by paralegals.

The third element which Nationwide was required to prove at trial was that Turner & Boisseau intentionally made the representations with the purpose of causing Nationwide to act on them. The court finds that the evidence does not clearly and overwhelmingly show that this element was proven by clear and convincing evidence.

This element of Nationwide's claim is inherently more difficult to deal with on a motion for new trial because it deals with proving what the thought processes and intentions of the employees of Turner & Boisseau involved. This issue is made even more difficult considering the fact that Nationwide was required to prove Turner & Boisseau's employees intent by clear and convincing evidence, rather than the typical standard of a preponderance of the evidence.

■ There was a considerable amount of evidence presented at trial which could have led the jury to decide that Nationwide had not proven this element by clear and convincing evidence. Given the evidence presented at trial, the heightened standard of proof placed upon Nationwide, and the inherent difficulty in determining what the intent and purpose of Turner & Boisseau's employee's actions were, the court cannot state that the verdict was clearly, overwhelmingly or decidedly against the weight of the evidence, as is required to overturn the jury verdict in this case. *See Black*, 805 F.2d at 363. Having failed to meet its burden as to this element, Nationwide's motion must be denied as it relates to the weight of the evidence. However, the court will address the final two elements of the fraud claim.

The fourth element which Nationwide was required to prove was that it reasonably relied upon the representations made by Turner & Boisseau. The court finds that the evidence at trial clearly shows that this element of Nationwide was proven by clear and convincing evidence. The fact that Nationwide relied upon the representations made by Turner & Boisseau is very clear. Obviously Nationwide relied upon the statements made by Turner & Boisseau when it payed the bills which gave rise to this lawsuit. Given the nature of the relationship between Turner & Boisseau and Nationwide and the near impossibility of discovering any of the alleged improper actions by reviewing the billing statements given to Nationwide, the court finds that the evidence in the case clearly, overwhelmingly and decidedly showed that Nationwide reasonably relied upon the representations made by Turner & Boisseau.

The final element of Nationwide's fraud claim which had to be proven by clear and convincing evidence was damages. Clearly Nationwide suffered damages as a result of the false representations concerning the amount of time actually spent on cer-

tain tasks by the employees of Turner & Boisseau and as a result of the times where work was done by a paralegal and billed at a higher attorney rate. Therefore, this element of the case was clearly shown as well.

In conclusion, the court finds that Nationwide has failed to show that the evidence presented in this case clearly, overwhelmingly and decidedly proved that Turner & Boisseau had committed fraud against Nationwide. The issue of intent was contested at trial and sufficient evidence was presented by Turner & Boisseau on that issue to allow a jury to find that they had not committed fraud. Although there was considerable evidence presented at trial on behalf of Nationwide, the court simply cannot say that the evidence was so strong as to justify overturning the jury verdict in this case.

## B. Alleged misconduct by plaintiff's counsel

The second ground for seeking alteration of the jury verdict or a new trial is the alleged improper conduct of plaintiff's counsel in closing arguments. Prior to opening arguments in this case, counsel for both parties met in chambers to discuss the admission of several exhibits. One of these exhibits, plaintiff's Exhibit 69, was an enlarged copy of the 1992 *Martindale–Hubbell Law Directory* listing for Turner & Boisseau's Great Bend office. The court found that the information contained in the exhibit was not relevant to the case, and ordered that it be excluded from all portions of the trial. During the rebuttal portion of Turner & Boisseau's closing argument, Turner & Boisseau's lead trial attorney, William Hensley, used a handwritten chart which was placed on the back of Exhibit 69. Once finished with this handwritten chart, Mr. Hensley removed the chart from the easel, turned the board around, and placed it in front of himself on the floor in a manner in which it was easily seen by the jury. After a very brief amount of time, defense counsel objected and the court ordered Mr. Hensley to place the exhibit outside the view of the jury.

Nationwide contends that the actions of Mr. Hensley were a deliberate attempt to display the exhibit to the jury in violation of the court's previous order. Nationwide claims that information listed on the exhibit, including the long list of insurance companies which the plaintiff represented in 1992, unduly influenced the jury by showing them the amount of clients Turner & Boisseau had and allowing them to infer that the billing practices must be appropriate if that many insurance companies continue to use the services of Turner & Boisseau. Turner & Boisseau contends that the display of Exhibit 69 was inadvertent and provides no basis for a reversal of the jury's verdict or a new trial.

The court finds that the actions of Mr. Hensley in displaying Exhibit 69 to the jury do not warrant altering the jury's verdict or ordering a new trial. The actions of Mr. Hensley, whether deliberate or not, did not unduly influence the jury. First, the exhibit was only before the jury for a very brief amount of time, and the court questions how much information could have been taken by the jury from the exhibit. Second, although the exhibit may have been irrelevant to the trial, it was not overly prejudicial. Much of the information contained in the exhibit, including the number of insurance company clients, was presented at trial through other means, such as the testimony of employees of Turner & Boisseau. The information contained in the exhibit is somewhat self-serving for Turner & Boisseau, but it is not nearly damaging enough to Nationwide's case to warrant the type of relief sought in this motion. Although the court certainly agrees with Nationwide that this exhibit should never have made its way before the jury, the court disagrees with Nationwide's position that the jury's verdict should be altered or a new trial granted because it did. Therefore, Nationwide's motion will be denied on this issue.

## IV. CONCLUSION

The court finds that Nationwide's motion to alter or amend the judgment or for a new trial must be denied. Nationwide has failed to show that the verdict in this case was against the great weight of the evidence or that improper conduct by Turner & Boisseau's lead trial attorney, William Hensley, prejudiced the outcome of the case.

**IT IS THEREFORE BY THIS COURT ORDERED** that the defendant's Motion to Alter or Amend Judgment or for a New Trial (Doc. 205) is denied.